## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | | |
|---|---|---|
| Leonard Tony Eddy (aka, King South C. Slave); | ) ) ) | Case No. 3:04-813 |
| Plaintiff, | ) ) ) | **ORDER** |
| -vs- | ) ) | |
| John H. Hare, Counsel for Federal Public Defender; | ) ) ) | |
| Defendant. | ) ) ) | |

This matter is before the Court pursuant to a report and recommendation submitted by United States Magistrate Judge Joseph R. McCrorey, who is authorized by 28 U.S.C. §636(b)(1)(B) and this Court's Local Rules to review all pretrial matters in *pro se* cases and submit findings and recommendations to the District Court. Plaintiff sued Defendant for civil rights violations and for attorney malpractice. Plaintiff also requested leave of Court to proceed *in forma pauperis*. Plaintiff's Complaint consists of the following paragraph:

  1. The defendant inference [sic] with my (constitution rights.)
  2. The defendant inference [sic] with my (constitution amendments.)
  3. The defendant inference [sic] with my (speedy trial.)
  Jurisdiction: 1. The defendant (malpractice, negligent)
  The relief I want 1. 44.000.000.000

On March 22, 2004, the Magistrate Judge filed his Report and Recommendation. According to the Magistrate Judge, Defendant Hare served as appointed counsel for Plaintiff in a federal criminal prosecution. See United States v. Eddy, 3:03cr0547. Judge Cameron M. Currie, United States District Judge for the District of South Carolina, dismissed the indictment without prejudice

1

on October 4, 2004. See 3:03cr0547, Document Number 90. Judge Currie ordered Butner Federal Medical Center to institute proceedings regarding Plaintiff after she found that he was incompetent to stand trial. See 3:03cr0547, Document Number 91.

The Magistrate Judge concluded that Plaintiff's Complaint contains no meaningful factual allegations, thus providing no notice to Defendant of the cause(s) to which it must respond and no notice to the Court of the claims upon which relief might be granted. With regard to jurisdiction, the Magistrate Judge concluded that Plaintiff has not properly invoked a federal question. While the words "speedy trial" appear in the Complaint, the denial of a speedy trial is a matter which may still be raised in the pending case and/or pursued during any appeal or collateral proceeding. The Magistrate Judge found that diversity is not present because Plaintiff and Defendant are both citizens of the state of South Carolina. Finally, the Magistrate Judge determined that Plaintiff's claim is factually frivolous. Therefore, Plaintiff may not proceed under 28 U.S.C. § 1915 as an indigent litigant. The Magistrate Judge recommended to this Court that the action be dismissed without issuance or service of process.

On March 29, 2004, Plaintiff filed his objections to the Magistrate's Report. The objections, which appear to have been drafted by Plaintiff's brother, are rambling and difficult to comprehend. Plaintiff appears to discuss discrimination and his utility bills, but the submission is extremely unclear.

Upon consideration of the pleadings, the report, the objection, and the arguments therein, the Court concludes that for the reasons stated by the Magistrate Judge, his recommendation that the action be dismissed without issuance or service of process is hereby **APPROVED**. However, this Court finds that Plaintiff's Complaint does not reach a level of frivolity sufficient to warrant denial

of Plaintiff's motion to proceed *in forma pauperis*. Therefore, Plaintiff's motion to proceed *in forma pauperis* is hereby **GRANTED**.

       **IT IS SO ORDERED.**

                                    **MATTHEW J. PERRY, JR.**
                                    **SENIOR UNITED STATES DISTRICT JUDGE**

**Columbia, South Carolina**
**January 31, 2006**